IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ADRIAN SULLIVAN, )<br>      Petitioner, )<br>)<br>vs. )<br>)<br>PENNSYLVANIA BOARD OF )<br>PROBATION AND PAROLE, et al., )<br>      Respondents. ) | Civil Action No. 06-14J |

## MEMORANDUM ORDER

On January 25, 2006, the petitioner, Charles Adrian Sullivan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On March 23, 2006, the magistrate judge filed a Report and Recommendation (Docket No. 12), recommending that the petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Service of the Report and Recommendation was made on the parties, and the petitioner filed objections (Docket No. 14) on March 31, 2006. On April 12, 2006, the respondents filed a response to the petitioner's objections (Docket No. 15).

In his objections, the petitioner contends that the Report and Recommendation failed to address some of his claims: that the Pennsylvania Board of Probation and Parole (the Board) "unlawfully retaliat[ed] against petitioner by giving him a 2 year parole hit for refusing to incriminate himself with both charged and uncharged criminal offenses. This conduct constitutes a 1st and 5th Amendment violation and it is not a constitutionally permissible reason to deny a

prisoner's parole." (Docket No. 14 at 2.) Respondents assert that, although the Report and Recommendation did not address the petitioner's Fifth Amendment claim, the claim does not present a ground for relief.

First, the respondents indicate that, when the petitioner approached the expiration of his minimum sentence, thereby becoming eligible for parole, the Board reviewed his case for parole by its own motion. See 61 P.S. § 331.22. Respondents further indicate that the Board will review the petitioner's case again by its own motion in two years and that he may apply for parole review sooner if he so chooses. Thus, as a factual matter, the petitioner's claim that he has been subjected to a "2 year parole hit" is unsupported and untrue.

Second, the respondents argue that the petitioner has not been compelled to be a witness against himself in future criminal proceedings and therefore cannot state a claim for a Fifth Amendment violation. They note that, because Pennsylvania's parole system does not provide a legal right to or constitutionally protected interest in parole, his participation in an interview for parole is voluntary and any discussion of his underlying offenses during a parole interview would occur to assist the Board in exercising its discretion whether to parole him. See 61 P.S. § 331.21(a) (the Board is authorized to parole a convict "whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear the interest of the Commonwealth will be injured thereby."); 61 P.S. § 331.19 (when deciding whether to grant parole, the Board should "consider the nature and circumstances of the offense committed" and "the general character and background of the prisoner.") In addition, the respondents note that no self-incrimination could occur during a parole interview because the Double Jeopardy clause

prohibits the Commonwealth from punishing the petitioner again for crimes for which he has already been convicted.

The Fifth Amendment right against self incrimination is not violated until compelled statements are used against a person in a criminal case. Chavez v. Martinez, 538 U.S. 760, 766-68 (2003) (plurality opinion); Renda v. King, 347 F.3d 550, 559 (3d Cir. 2003). Even accepting as true the petitioner's contention that the Board was demanding that he admit to crimes he was not convicted of,[1] he was nevertheless not compelled to be a witness against himself in a criminal proceeding. See Minnesota v. Murphy, 465 U.S. 420, 435 n.7 (1984) (parole revocation proceeding is not a "criminal proceeding" within the meaning of the Fifth Amendment).

Moreover, as this Court recently observed in Folk v. Attorney General of the Commonwealth of Pa., No. CIV. A. 03-222J, 2006 WL 825311, at *5-6 (W.D. Pa. Mar. 27, 2006) (Gibson, J.), based upon the Supreme Court's holdings in McKune v. Lile, 536 U.S. 24, 41 (2002) (plurality) (refusing to comply with mandatory disclosure of sex offender treatment program, which required convicts to accept responsibility for the crimes for which they had been convicted, had deleterious effects upon convicts but did not constitute compulsion) and Ohio Adult Parole Authority v. Woodward, 523 U.S. 272, 286 (1998) (no unconstitutional compulsion when death row inmate was made to choose between incriminating himself at his clemency interview or having adverse inferences drawn from his silence), the possibility of a denial of

---

[1] It is noted that, although Petitioner asserts that he admitted to the Board that he was guilty of the crime of voluntary manslaughter (Docket No. 2 at 7), his version of events, in which he and the victim struggled over a gun and it "ended up discharging, shooting [the victim] in the eye and killing him" (id. at 6), is not consistent with the definition of voluntary manslaughter under Pennsylvania law, 18 Pa. C.S. § 2503, but appears to be more consistent with involuntary manslaughter, 18 Pa. C.S. § 2504, or a killing justified by self-defense, 18 Pa. C.S. § 505.

parole for refusing to comply with a demand to admit to a crime, which merely continues the status quo, does not transform the situation into compulsory incrimination as prohibited by the Fifth Amendment. See also Boddie v. New York State Division of Parole, 288 F. Supp. 2d 431, 441-42 (S.D.N.Y. 2003) (reaching same conclusion under New York's parole statute). Thus, petitioner's Fifth Amendment claim is without merit.

Finally, with respect to petitioner's First Amendment claim, an inmate does not retain those First Amendment rights that are "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrective system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Petitioner has not argued, much less demonstrated, that the Board's requirement that he make statements that incriminated him in the crimes for which he was convicted or charged[2] served no legitimate penological goal and/or was not reasonably related to rehabilitation. Folk, 2006 WL 825311, at *9. Therefore, his First Amendment claim is without merit.

AND NOW, this 20th day of April, 2006,

IT IS ORDERED that the petition for writ of habeas corpus is denied and a certificate of appealability is denied.

Magistrate Judge Mitchell's Report and Recommendation dated March 23, 2006 (Docket No. 12) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order.

---

[2]Petitioner's claim that he was required to incriminate himself with "both charged and uncharged criminal offenses" is baseless as he was charged with first degree murder, second degree murder, third degree murder, voluntary manslaughter, involuntary manslaughter and carrying a firearm without a license.

Kim R. Gibson
United States District Judge

cc: Charles Adrian Sullivan
EW-6163
SCI Albion
10745, Route 18
Albion, PA 16475-0004